On Application eor Rehearing.
Spencer, J.
There is but one ground we deem necessary to notice. We held in this case that it was too late, after judgment by default or answer, to plead to the jurisdiction of the court ratione persones, the party being sued in New Orleans as an alleged resident of said city. We are aware that our immediate predecessors went, in effect, to the point of holding that a plea to the jurisdiction ratione personae could be made at any time before judgment, and was good cause to annul after final judgment in the cause! See Richardson vs. Hunter, 23 A. 255 ; Alter vs. Pickett, 24 A. 515 ; 21 A. 258 and 551.
In our opinion such a doctrine is destructive of all certainty in judicial proceedings, subversive of elementary principles, and directly in conflict with numerous articles of the Code of Practice.
First. It is destructive of all certainty in judicial proceedings. A defendant is cited before a court having competency to try the subject matter, i. e., jurisdiction ratione materia. He appears, makes no ex *90 ception to the jurisdiction, but answers to the merits, and contests vigorously the plaintiff’s rights. Judgment is rendered against him below, and on appeal. Under the doctrine we combat he can at once turn about and sue to annul that judgment on the ground that he did not-reside in the parish where he was sued. How would a suitor ever know when he had obtained a binding judgment against his debtor?
Second. The doctrine is subversive of elementary principles com-r mon to the laws of all civilized countries. It is elementary and can not be denied that the judgment terminates all questions which were or which could have been urged in defense. Yet, according to the doctrine of our opponents, it does not conclude the defendant from pleading to the jurisdiction of the court ratione personal, although the Code says that-exception or defense must be pleaded in limine, and before answer. Under this theory what becomes of the provisions of our law on the subject of res adjudicata? When and where will there be an end of lawsuits ?
Third. It is directly in conflict with arts. 93, 333, 334, 335, and 336-of the Code of Practice. The first of these articles provides: “ If one be cited before a judge whose jurisdiction does not extend to the place of his domicile or of his usual residence, but who is competent to decide the case brought before him,, and he plead to the merits instead of declining the jurisdiction, the judgment given shall be valid, except the defendant be a. minor.” The other articles mentioned provide in effect that this exception to the jurisdiction ratione personce must be pleaded in limine and before answer.
Have these plain and unambiguous articles of the Code of Practice been expunged from it ? Are they no longer parts of the law of procedure in this State ? We are told that they have been abrogated by article 162 of that Code ; that article provides : “ It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his. domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this ruléis subject,to' those exceptions expressly provided by law.”
Is this article repugnant to articles 93, and 333, 334, 335, and 336 of the Code ? Is there no interpretation that will harmonize them ? If there is, elementary principles require us to adopt that interpretation, for they are all articles, and component parts of one statute.
Article 162 declares, in its first paragraph, that one must, as a general rule, be sued at his domicile ; but article 93 declares that if one be actually sued elsewhere, and plead to the merits, without declining the jurisdiction, he shall be bound by the judgment. Art. 162 declares that, there are exceptions to its rule. Art. 93 is one of those exceptions; and *91 presents a wholly different case from that of last clause of art. 162,, which provides that no one shall be permitted to elect any other domicile for the purpose of being sued. Is it not manifest that this clause relates-to causes where parties by agreement and with a view to a future suit■ designate a place to bring it ? Art. 98 relates to a case where a party has already been sued. The last part of art. 162 relates to cases where the parties elect domiciles for the purpose of being sued in the future.. The “ election of a domicile for the purpose of being sued ” pre-supposes that the party has not yet been sued, and implies the selection and designation of a place of domicile for the purposes of a prospective suit. It is this last which the law forbids, and which is a wholly different case from that of art. 93,' which provides for a suit actually pending, and where-there has been no previous election, selection, or designation of a domicile for the purpose of bringing it.
The evils intended to be prevented by this provision of art. 162 are-well known. It was to prevent hard-pressed debtors from entering into contracts whereby they waived their domiciles and elected in lieu thereof the counting-rooms of their merchants in New Orleans, designating-some clerk of their creditor as agent, to receive service of legal process, and thereby in many instances being sold out of house and home before-they knew suit had been brought. See Marqueze vs. LeBlanc, 29 A. 194, and School Board vs. Weber, 30 A. 595, concurring opinion of Justice-Spencer, where this question is treated more at length.
The rehearing is refused.